UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WI-LAN USA, INC.<br>and WI-LAN INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiffs Wi-LAN USA, Inc. and Wi-LAN Inc., by and through their attorneys, bring this action for patent infringement of United States Patent Nos. 6,359,654 and 7,034,889 (collectively "Patents-in-Suit") and allege as follows:

## PARTIES

　　　　1.　　Plaintiff Wi-LAN USA, Inc. is a corporation formed under the laws of the State of Florida with its principal place of business at 175 S.W. 7th Street, No. 1803, Miami, Florida 33130.  Plaintiff Wi-LAN Inc. is a corporation formed under the laws of the country of Canada with its principal place of business at 11 Holland Avenue, Ottawa, Ontario, Canada K1Y 4S1. Wi-LAN USA, Inc. is a wholly owned subsidiary of Wi-LAN Inc. (collectively "Wi-LAN"). Wi-LAN is a leading technology innovation and licensing business actively engaged in research, development, and licensing of new technologies.

2. Defendant Toshiba Corporation ("Toshiba Japan") is a corporation formed under the laws of the country of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

3. Defendant Toshiba America, Inc. ("Toshiba America") is a corporation formed under the laws of the State of Delaware, with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York 10020.

4. Defendant Toshiba America Electronic Components, Inc. ("Toshiba America Electronic") is a corporation formed under the laws of the State of California, with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California 92612.

5. Defendant Toshiba America Information Systems, Inc. ("Toshiba America Information") is a corporation formed under the laws of the State of California, with its principal place of business at 9740 Irvine Boulevard, Irvine, California 92618-1697.  Toshiba America Information is authorized to do business in the State of Florida and has been assigned Document No. P23738 by the Secretary of State.

6. Toshiba Japan, Toshiba America, Toshiba America Electronic, and Toshiba America Information (collectively "Toshiba") acted in concert with regard to the allegations set forth in this complaint, and therefore the conduct described herein is fairly attributable to either or all entities.

## JURISDICTION AND VENUE

7. Wi-LAN brings this civil action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Toshiba conducts business in this

district, offers for sale and sells products in this district, and has a registered agent for service of process in the State of Florida.

## CAUSE OF ACTION

### The Patents

8. On March 19, 2002, United States Patent No. 6,359,654, titled "Methods and Systems for Displaying Interlaced Video on Non-Interlaced Monitors," was duly and legally issued to Stephen G. Glennon, David A. G. Wilson, Michael J. Brunolli, and Benjamin Edwin Felts, III (the "'654 Patent"). A true and correct copy of the '654 Patent is attached as Exhibit A to this Complaint.

9. On April 25, 2006, United States Patent No. 7,034,889, titled "Signal Processing Unit and Method for a Digital TV System with an Increased Frame Rate Video Signal," was duly and legally issued to Bernd Burchard and Ralf Schwendt (the "'889 Patent"). A true and correct copy of the '889 Patent is attached as Exhibit B to this Complaint.

10. By assignment, Wi-LAN Inc. owns all right, title, and interest in and to the Patents-in-Suit, and Wi-LAN USA, Inc. is the exclusive licensee of the Patents-in-Suit with exclusive rights, including but not limited to the right to enforce the Patents-in-Suit and collect damages for past and future infringements.

### Count One
### (Infringement of U.S. Patent No. 6,359,654)

11. Wi-LAN incorporates herein by reference each and every allegation in the preceding paragraphs.

12. Toshiba is making, using, offering to sell, selling and/or importing into the United States products, including but not limited to the L6200 series of flat panel televisions depicted in the attached Exhibit C, that infringe one or more claims of the '654 Patent.

13. Toshiba is inducing direct infringement of the '654 Patent by actively instructing, assisting, and/or encouraging others to practice the inventions claimed in one or more claims of the '654 Patent in relation to its flat panel televisions, including but not limited to the L6200 series of flat panel televisions.

14. The infringement of the '654 Patent by Toshiba will continue unless enjoined by this Court.

15. The infringing activities by Toshiba have caused and will continue to cause irreparable injury to Wi-LAN for which there exists no adequate remedy at law.

## Count Two
### (Infringement of U.S. Patent No. 7,034,889)

16. Wi-LAN incorporates herein by reference each and every allegation in the preceding paragraphs.

17. Toshiba is making, using, offering to sell, selling and/or importing into the United States products, including but not limited to, the L6200 series of flat panel televisions depicted in the attached Exhibit C, that infringe at least one or more claims of the '889 Patent.

18. Toshiba is inducing direct infringement of the '889 patent by actively instructing, assisting, and/or encouraging others to practice the inventions claimed in one or more claims of the '889 Patent in relation to its flat panel televisions, including but not limited to the L6200 series of flat panel televisions.

19. The infringement of the '889 Patent by Toshiba will continue unless enjoined by this Court.

20. The infringing activities by Toshiba have caused and will continue to cause irreparable injury to Wi-LAN for which there exists no adequate remedy at law.

## **DEMAND**

WHEREFORE, Wi-LAN requests that judgment be entered in its favor and against Toshiba as follows:

 A. Declaring that Toshiba has infringed the Patents-in-Suit;

 B. Issuing temporary, preliminary, and permanent injunctions enjoining Toshiba, its officers, agents, subsidiaries and employees, and those in privity or in active concert with it, from further activities that constitute infringement of the Patents-in-Suit both within the State of Florida and across the United States;

 C. Ordering that an accounting be had for profits, reasonable royalties and/or other damages arising out of Toshiba's infringement of the Patents-in-Suit, together with costs, prejudgment, and post-judgment interest; and

 D. Awarding Wi-LAN such other costs and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wi-LAN demands a trial by jury on all issues so triable.

*Attorneys for the Plaintiffs:*

CARLSON & LEWITTES, P.A.


By: ___s/Curtis Carlson___
     Curtis Carlson, Fla.Bar. No. 236640
     1200 Suntrust International Center
     One Southeast Third Avenue
     Miami, Florida 33131
     Telephone: 305.372.9700
     Facsimile:   305.372.8265
     E-mail: carlson@carlson-law.net


**OF COUNSEL**

KILPATRICK TOWNSEND & STOCKTON LLP

David E. Sipiora
Charles A. Pannell
Kent T. Dallow
1400 Wewatta St., Suite 600
Denver, CO 80202
(303) 571-4000