**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-Civ-23744-Middlebrooks/Brannon**

| | |
|---|---|
| WI-LAN USA, INC. and<br>WI-LAN INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| TOSHIBA CORPORATION; TOSHIBA AMERICA,<br>INC.; TOSHIBA AMERICA ELECTRONIC<br>COMPONENTS, INC.; AND TOSHIBA AMERICA<br>INFORMATION SYSTEMS, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**TOSHIBA'S *DAUBERT* MOTION
TO PRECLUDE WI-LAN'S EXPERTS FROM TESTIFYING
IN CONTRAVENTION OF FED. R. EVID. 702(A)**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Factual Background | 1 |
| III. | Legal Standard | 2 |
| IV. | Argument | 3 |
| V. | Conclusion | 4 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*,
    582 F.3d 1227 (11th Cir. 2009) ...................................................................................................4

*City of Tuscaloosa v. Harcros Chems., Inc.*,
    158 F.3d 548 (11th Cir. 1998) .....................................................................................................2

*Coral Way, L.L.C. v. Jones*,
    No. 05-21934-CIV, 2006 WL 5249734 (S.D. Fla. Oct. 17, 2006) .....................................2, 3, 4

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) .....................................................................................................................3

*In re Bankatlantic Bancorp, Inc. Sec. Litig.*,
    No. 07-61542-CIV, 2010 WL 6352662 (S.D. Fla. Aug. 30, 2010) .........................................3, 4

*McDowell v. Brown*,
    392 F.3d 1283 (11th Cir. 2004) ...............................................................................................3, 4

*U.S. v. Figueredo*,
    No. 06-20255-CR, 2006 WL 6888720 (S.D. Fla. Oct. 20, 2006) ...............................................4

*U.S. v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004) ...................................................................................................2

*U.S. v. Merrill*,
    No. 08-20574-CR, 2010 WL 3981158 (S.D. Fla. Oct. 8, 2010) ................................................4

**RULES**

Fed. R. Evid. 702 ....................................................................................................................1, 2, 3, 4

## **INDEX OF EXHIBITS**

Exhibit 1:   Expert Report of Dennis Wallace

Exhibit 2:   Expert Report of Martin Frankel

I.  **Introduction**

Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively, Toshiba), move to exclude two of Plaintiffs Wi-LAN USA Inc.'s and Wi-LAN Inc.'s (collectively, Wi-LAN) experts because their opinions will not help the trier of fact to understand the evidence or determine a fact in issue as required by Fed. R. Evid. 702(a).  Specifically, Toshiba seeks to exclude the opinions of Mr. Wallace, a broadcast engineering expert that Wi-LAN used to survey over-the-air broadcast signals, and Mr. Frankel, a statistics expert that Wi-LAN used to perform statistical analyses on Mr. Wallace's survey results.  Both expert opinions are irrelevant.

II.  **Factual Background**

Wi-LAN contends that Toshiba televisions infringe Wi-LAN's asserted '654 patent by virtue of the specific way that the televisions convert an "interlaced" input signal to a "progressive" output signal for display.  While Toshiba vigorously disputes Wi-LAN's infringement allegations, Toshiba *does not dispute* the fact that its televisions, when in use, will receive "interlaced" signals as inputs.  Yet this is the only fact that is established by the expert opinions of Wallace and Frankel.

Mr. Wallace's expert report is based on an "Engineering Field Test" that he performed for Wi-LAN in a different patent infringement litigation in 2010 against a different defendant and regarding a different Wi-LAN patent and different accused technology.  Ex. 1 at ¶ 2; Del Monaco Decl. ¶ 2.  The Engineering Field Test "included over-the-air (OTA) reception and recording of the transport stream (TS) of DTV stations within specific Designated Market Areas (DMAs) . . . ."  *Id.*  In other words, Wallace sampled and recorded over-the-air digital television broadcast signals in certain geographic areas.  Although Wallace notes that the data from his 2010 Engineering Field Test "is not relevant" to his current engagement, he explains that Wi-

1

LAN's attorneys in this case nevertheless retained him to "analyze the data previously collected in 2010 to determine whether broadcast signals were in interlaced or progressive format." *Id*. at ¶¶ 2-3.  Wallace offers his opinion and conclusion as to the prevalence of "interlaced" signals in the specific geographic areas for which he collected his data in 2010.  *Id*. at ¶¶ 20-21.

Mr. Frankel, the statistics expert, then "perform[s] [a] statistical analysis based upon the results of [the Wallace report] regarding the presence of interlaced and progressive signals in over-the-air digital television broadcast streams."  Ex. 2 at ¶ 1; Del Monaco Decl. ¶ 3.  Frankel uses a statistical analysis to extrapolate the data from the Wallace report to render an opinion on "the number and percentage of TV Markets in the contiguous 48 states and the District of Columbia where at least one, at least two and at least three stations are broadcasting high definition interlaced signals (1920x1080i)."  *Id.*  But again, Toshiba does not dispute that its televisions receive interlaced signals, rendering both the Wallace and Frankel reports irrelevant.

### III.    Legal Standard

"In determining the admissibility of expert testimony under Federal Rule of Evidence 702, a trial court in the Eleventh Circuit must conduct 'a rigorous three-part inquiry' considering whether: (1) the expert is qualified to testify competently regarding the matters intended to be addressed; (2) the methodology used to reach conclusions is sufficiently reliable, as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."  *Coral Way, L.L.C. v. Jones*, No. 05-21934-CIV, 2006 WL 5249734, at *1 (S.D. Fla. Oct. 17, 2006) (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).  The proponent of the testimony bears the burden of establishing these elements.  *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

Under Supreme Court precedent, "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). "Expert testimony must be 'relevant to the task at hand,' . . . *i.e.*, that it logically advances a material aspect of the case." *Coral Way*, 2006 WL 52949734 at *2 (citing *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004). Where expert testimony "lacks the required 'fit' with the facts of the case," it must be excluded. *In re Bankatlantic Bancorp, Inc. Sec. Litig.*, No. 07-61542-CIV, 2010 WL 6352662, at *5 (S.D. Fla. Aug. 30, 2010) (citing *Daubert*, 509 U.S. at 591).

### IV. Argument

Wallace's repurposed 2010 "Engineering Field Test" data, and Frankel's statistical analyses of that data, should be excluded under Fed. R. Evid. 702(a). The opinions of Wallace and Frankel do nothing more than establish an undisputed fact, i.e., that Toshiba televisions receive interlaced signals as inputs. Accordingly, admission of the opinions would only waste resources and confuse issues; it would not assist the trier of fact to understand the evidence or to determine a fact in issue.

Trial courts in this Circuit routinely exclude expert opinions that are unrelated to the facts in issue. For instance, in a case involving damages based on "a $2.5 million reduction in the contract price" for real estate, the court excluded the plaintiff's expert's appraisal of the fair market value of the real estate for the straightforward reason that "the value . . . has no bearing on any genuine issue of material fact in dispute, and as such, testimony thereon will not assist the trier of fact." *Coral Way*, 2006 WL 5249734 at *2. This is particularly true where the proffered expert opinions go to broad issues—like Wallace and Frankel's opinions as to the prevalence of interlaced signals in the contiguous 48 states—that are unconnected to the narrow dispute before the fact-finder. For instance, an economist's opinion about the breadth and depth of a recession

3

in a particular state was "too broad" to assist the trier of fact in deciding a case about whether a defendant's misrepresentation caused a plaintiff's loss. *In re Bankatlantic*, 2010 WL 6352662 at *4. In excluding the expert in *In re Bankatlantic*, the court emphasized that "[d]efendants have failed to show that [the economist's] testimony regarding various broad economic indicators of the general state of the Florida economy between 2006 and 2010 will help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* (citing *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 582 F.3d 1227, 1233-34 (11th Cir. 2009) (affirming district court's exclusion of expert opinion, because "like an oversized coat, the expert opinion covered too much")); *see also U.S. v. Merrill*, No. 08-20574-CR, 2010 WL 3981158, at *5 (S.D. Fla. Oct. 8, 2010) (excluding expert opinions under Rule 702 as "irrelevant to the facts at issue at trial"); *U.S. v. Figueredo*, No. 06-20255-CR, 2006 WL 6888720, at *1 (S.D. Fla. Oct. 20, 2006) (excluding expert opinion under Rule 702 as going to a "wholly collateral issue").

Wallace's attenuated field test data, and Frankel's statistical analyses of that data, are not "relevant to the task at hand" in any way. *Coral Way*, 2006 WL 52949734 at *2 (citing *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004)). Because Toshiba does not dispute that its televisions receive interlaced signals, there is no need for two experts to provide the trier of fact with a broad, nationwide analysis of the prevalence of interlaced signals based on complex testing and statistical extrapolations. Under Rule 702(a), both Wallace and Frankel should be excluded.

## V.     Conclusion

Because the expert opinions of Wallace and Frankel will not assist the trier of fact to understand the evidence or to determine a fact in issue, Toshiba respectfully requests that the Court exclude the opinions.

Date: November 4, 2013                          Respectfully submitted,

                                                By:     s/Terri Meyers
                                                Terri Meyers
                                                Florida Bar No.: 881279
                                                KLUGER, KAPLAN, SILVERMAN,
                                                KATZEN & LEVINE
                                                201 South Biscayne Blvd., Suite 1700
                                                Miami, Florida 33131
                                                Telephone:  (305) 379-9000
                                                Fax:  (305) 379-3428
                                                Email:  tmeyers@klugerkaplan.com

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

**OF COUNSEL**
Doris Johnson Hines
Joyce Craig
Anthony D. Del Monaco
Emmanuel Azih
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 408-4000
Fax: (202) 408-4400

David Martens
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6600
Fax: (650) 849-6666

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, a true and correct copy of the foregoing was filed and served with the Clerk of the United States District Court using the CM /ECF system which will send notification of such filing to the following by electronic mail on the counsel or party of record on the service list below.

By:     s/Terri Meyers
           Terri Meyers

### Service List

Charles A. Pannell, III
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2800, 1100 Peachtree Street
Atlanta, GA, 30309
Tel: (404)-815-6500
Fax: (404)-815-6555

Curtis Carlson
Fla. Bar. No. 236640
1200 Suntrust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: 305-372-9700
Facsimile: 305-372-8265
E-mail: carlson@carlson-law.net

*Attorneys for Plaintiffs Wi-LAN USA, Inc. and Wi-LAN, Inc.*